MABEL SONDHEIM, an Infant, by SARA M. L. SONDHEIM, her Guardian ad Litem, Respondent, *v.* THE NASSAU BREWING COMPANY, Appellant, Impleaded with the BROOKLYN HEIGHTS RAILROAD COMPANY.

*Negligence — injury from the pole of a wagon entering a car window — duty of the driver of the wagon — effect of a violation of a city ordinance.*

In an action to recover damages for injuries sustained by the plaintiff while riding in a street car in consequence of the pole of the defendant's wagon entering the car and striking her, upon the ground that the driver negligently left the horses unattended in the street in such a position that the car could not pass without striking them, it appeared that a city ordinance provided that no person should permit horses attached to a wagon " to go without a driver in any street, avenue or road, or to stand in any street, avenue or road without a person in charge or without being secured to a tying post."

The defendant asked the court to charge " that the mere fact that the driver of this vehicle was not sitting upon the seat of his wagon, or was not actually on

his wagon at the moment, is not of itself evidence of negligence," to which the court replied, "I leave that question to the jury." The defendant then requested the court to charge "that the law merely requires that a person shall be in attendance, and that if the jury find that the driver of this wagon was on the sidewalk and attending to his duties as the person in charge of those horses, his conduct in that respect would not be negligent," to which the court replied, "I charge that the provision of the ordinance simply requires attendance, and decline to charge as to the balance of the request and leave it to the jury."

The court had previously stated in the main charge that the violation of the city ordinance was not "negligence which of itself, aside from anything else, will allow a recovery; but the jury have the right to take into consideration the violation of a city ordinance, providing they find that it has been violated, as bearing upon the question of negligence."

*Held,* that the refusal to charge as requested was not erroneous, as such requests in effect called for a ruling that, as matter of law, the jury could not find the defendant negligent if the driver left his horse and attended to his duties upon the sidewalk, which ruling was more favorable than that to which the defendant was entitled;

That it was not error for the court, in response to a request made by the defendant's counsel for a charge that, when a driver stopped his horse upon either side of the road, "he is under no obligation to have the heads of his horses pointing in any particular direction, but can stand them as he pleases," to charge, "I leave that to the jury as to whether there was negligence in the manner in which the horses were left standing."

APPEAL by the defendant, The Nassau Brewing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 12th day of April, 1900, upon the verdict of a jury for $3,500; and also from an order, entered in said clerk's office on the 16th day of April, 1900, denying the said defendant's motion for a new trial made upon the minutes.

*Herbert C. Smyth* [*Edwin A. Jones* with him on the brief], for the appellant.

*Ira Leo Bamberger* [*Oswald N. Jacoby* with him on the brief], for the respondent.

HIRSCHBERG, J. :

Plaintiff was injured while riding in a trolley car in Brooklyn. The pole of appellant's wagon entered the car, and striking her, occasioned serious injuries. The negligence was addressed to the

fact that the horses and wagon as claimed by the respondent were not at the time in charge of the driver, he having negligently left them alone in the street and in such a position that a car could not pass without striking them. The counsel for the appellant concede that the case was one for the jury, but urge that there were errors in the refusal of the court to charge certain requests.

A city ordinance was read in evidence providing that " no person shall, at the same time, drive, lead or direct more than one team or vehicle, or suffer or permit any horse or horses or other animal or animals, attached to any carriage, cart, wagon, sled, sleigh, truck or other vehicle, to go without a driver in any street, avenue or road, or to stand in any street, avenue or road, without a person in charge or without being secured to a tying post."

The appellant asked the court to charge " that the mere fact that the driver of this vehicle was not sitting upon the seat of his wagon, or was not actually on his wagon at the moment, is not of itself evidence of negligence," to which the court replied, " I leave that question to the jury." The appellant then requested the court to charge " that the law merely requires that a person shall be in attendance, and that if the jury find that the driver of this wagon was on the sidewalk and attending to his duties as the person in charge of those horses, his conduct in that respect would not be negligent," to which the court replied, " I charge that the provision of the ordinance simply requires attendance, and decline to charge as to the balance of the request and leave it to the jury."

In determining whether it was error to refuse these requests, even assuming that both were proper and that both might have been charged with entire propriety, the general charge must be considered. The criticism which the learned counsel for the appellant make upon the refusal is that it left the jury with the impression that even though they should find that the driver was attending to his duties, they could still charge him with a violation of the ordinance. Even if this were so it did not follow under the main charge that the plaintiff could recover, for the court had distinctly charged the jury that the violation of the city ordinance was not " negligence which of itself, aside from anything else, will allow a recovery ; but the jury have the right to take into consideration the violation of a

city ordinance, providing they find that it has been violated, as bearing upon the question of negligence." In this statement the court presented the correct rule of law, and the rule of law as thus stated coupled with the charge to the effect that the ordinance required simply that some one should be in attendance, substantially included all to which the appellant was entitled. The conduct of the driver as bearing upon the question of negligence was a question of fact and not of law. Taken together, these two requests were in effect the asking for a ruling that as matter of law the jury could not find the defendant negligent if the driver left his horses and attended to his duties upon the sidewalk. While it is undoubtedly true that such acts are not negligence as matter of law, it by no means follows that the appellant was entitled to an instruction that as matter of law the jury could not find them to be so. Whether or not it was negligent for the driver to leave the vehicle in such position that an accident would be likely to occur, while he was engaged in work at such a distance as would render him powerless to prevent the accident by controlling his horses in any way, would necessarily depend upon all the facts and circumstances of the case as the jury might find them to exist. The driver's absence from the wagon "at the moment" might or might not be some evidence of negligence. His being on the sidewalk and attending to his duties there might or might not be negligence according as the jury might find the discharge of such duties to be consistent or otherwise with prompt control of the animals if rendered necessary in view of the position in which they should find he had left them, and the danger threatened by passing cars. The whole question of negligence was thus left to the jury to determine as a question of fact, with clear instruction upon the law to the effect that no more was required of the defendant than that some one should be in attendance upon the animals, and that even if the ordinance was violated, that of itself would not authorize a recovery.

The court had also charged at appellant's request " that, except when passing another vehicle, the driver of a horse has the right to use any part of the road, and to stop as his business requires, either upon the left-hand or the right-hand side." The counsel then requested the court to charge " that at such times he is under no obligation to have the heads of his horses pointing in any particular

direction, but can stand them as he pleases," to which the court replied, " I leave that to the jury, as to whether there was negligence in the manner in which the horses were left standing. Mr. Nadal: As to the position of the horses, do you mean? The Court: Yes. Mr. Nadal: I take an exception to that."

It is urged that this was error, inasmuch as it was evidently intended, say the counsel in their brief, to invite an instruction that " because the horses were drawn up on the south side of the street facing in a westerly direction, thus being on the left-hand side, there could be no evidence of negligence from this alone." That request as has been seen had already been made and charged. The one in question related manifestly, and was so understood by both court and counsel, to the evidence that the horses' heads were left turned towards and over the railroad track. There was no error in refusing to charge that to go away and leave the horses standing partly on the railroad track could not be considered negligence as matter of law, and in leaving it to the jury to dispose of as a question of fact.

While the verdict is a large one, it cannot be said to be excessive. The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs.